E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1107-GHK (MANx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | *BAC Home Loans Servicing, LP v. Sherita Carr* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers) Order Remanding Case

On February 9, 2012, we ordered Defendant Sherita Carr ("Defendant") to show cause ("OSC") why the above-captioned action should not be remanded to state court based on this Court's lack of subject matter jurisdiction. We noted that the Notice of Removal ("NOR") filed by Defendant seemed to assert that we have federal question jurisdiction based on anticipated federal counterclaims that she alluded to in her Application for Temporary Restraining Order, which was filed on February 8, 2012. We further stated that, although Defendant did not attach a copy of the underlying state court Complaint to her NOR, it appeared – based on the "Notice of Unlawful Detainer" attached to the NOR – that the underlying state court Complaint only asserted a claim for unlawful detainer under California law. We noted that such a claim does not provide this Court with jurisdiction under the "well-pleaded complaint" rule. We further noted that the NOR did not provide a basis for us to exercise diversity jurisdiction over this matter.

On February 22, 2012, Defendant responded to our OSC. Defendant states that she "does not rest upon the Diversity issue . . . but upon the Federal Question she properly raises." She states that "determination on the federal issue of 'taking without due process' [U.S. Constitution 5th Amendment and 14th Amendment], for taking of real property in an unauthorized manner raises such a question." Preliminarily, we note that the Takings Clause only applies to government action. Here, Defendant appears to argue that Plaintiff BAC Home Loans Servicing ("BAC") has somehow violated Defendant's rights under the Takings Clause. Because BAC is not a government actor, Defendant's purported counterclaim against BAC under the Takings Clause is entirely without merit. *See Am. Bankers Mortg. Corp. v. Fed. Home Loan. Mortg. Corp.*, 75 F.3d 1401, 1406 (9th Cir. 1996) ("Appellant asserts that the district court erred in concluding that its allegation that Freddie Mac violated its Fifth Amendment rights by terminating its eligibility without due process failed to state a claim. Because the Fifth Amendment Due Process Clause applies only to the federal government, Freddie Mac is not restricted by that Clause unless it is part of the federal government or its actions constituted federal action. We conclude that neither is the case." (internal citations omitted)). Remand is appropriate on this basis alone because a case may be dismissed or remanded for want of jurisdiction where the claim that allegedly arises under federal law is frivolous or "wholly insubstantial." *See Ballou v. Vancouver Police Officers' Guild*, 389

**E-Filed — JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1107-GHK (MANx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | *BAC Home Loans Servicing, LP v. Sherita Carr* | | |

Fed. App'x 681, 682 (9th Cir. 2010) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Moreover, as we noted in our OSC, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Accordingly, even if Defendant's purported counterclaim under the Takings Clause has merit, it still does not provide a basis for federal jurisdiction.

      Finally, Defendant has now provided a copy of the underlying state court Complaint, which confirms that we lack subject matter jurisdiction over this action. On its face, the Complaint only asserts a claim for unlawful detainer under California law and thus does not present a federal question.

      The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendant has not established that we have subject matter jurisdiction over this action. Accordingly, we **hereby REMAND** this case to the state court from which it was removed.

      **IT IS SO ORDERED.**

|  |  | -- | : | -- |
|---|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea | |